**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**WESTERN DIVISION**

**ORIGINAL**

**FILED**
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 0 5 2019

JAMES W. McCORMACK, CLERK
By:_____
                                    **DEP CLERK**

| | |
|---|---|
| TASHONA JOYNER, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ARKANSAS BLUE CROSS BLUE SHIELD, | ) |
| | ) |
|    Defendant. | ) |

Case No. _____

4:19-cv-620-SWW

---

## DEFENDANT'S NOTICE OF REMOVAL

---

Defendant, USAble Mutual Insurance Company doing business as Arkansas Blue Cross and Blue Shield, hereinafter ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas.  In support of removal, Defendant states as follows:

### COMMENCEMENT OF ACTION IN STATE COURT

1.      Plaintiff Tashona Joyner ("Joyner") filed her Complaint on July 23, 2019, in the Circuit Court for Pulaski County, Arkansas, Case No. 60CV-19-5187.  Defendant was served with a copy of the Complaint and Summons on August 7, 2019.  (Exhibit A: Summons and Complaint).

### JURISDICTION – GROUNDS FOR REMOVAL – FEDERAL QUESTION

2.      Plaintiff's Complaint alleges (1) discrimination in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990, and (2) violation of privacy under the HIPAA Act of 1996.

This case assigned to District Judge Wright
and to Magistrate Judge Harris

3.     Accordingly, pursuant to 28 U.S.C. 1331 (federal question), this Court has original jurisdiction with respect to all of Plaintiff's claims.

4.     This Notice of Removal is being filed in the United States District Court for the district within which the action is currently pending.  This Notice of Removal is being filed within thirty (30) days after service of process of the pleading in which the basis for removal was asserted, and is therefore timely filed under 28 U.S.C. § 1446(b).

## PROCESS AND PLEADINGS

7.     Defendant has been served with a Summons and Complaint.  (See Exhibit A). Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon Defendant are attached hereto.  The foregoing constitute the only process, pleading, or other papers served upon Defendant.

## NOTICE TO PLAINTIFF AND STATE COURT

8.     In accordance with 28 U.S.C. § 1446(d), Defendant will file with the clerk of the Circuit Court for Pulaski County, Arkansas for the 6th Division a Notice of Filing this Notice of Removal, and is contemporaneously giving Notice to the Plaintiff of this removal.  (Exhibit B: Notice of Filing Notice of Removal).

**WHEREFORE,** Defendant removes this action from the Circuit Court for Pulaski County, Arkansas for the 6th Division to the United States District Court for the Eastern District of Arkansas.

This 4th day of September, 2019.

2

Respectfully submitted,

Frank L. Day, Jr., ARK BPR# 2007085
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
fday@fordharrison.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of September, 2019, I sent an original via FedEx to the Clerk of the Court for filing and mailed a copy to Pro Se Plaintiff via U.S. Mail, postage, pre-paid to the address listed below:

Tashona Joyner
3600 Holt Street
Little Rock, AR 72204

Frank L. Day, Jr.

3

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
## HON. TIM FOX - 6TH DIVISION PULASKI CIRCUIT COURT

TASHONA JOYNER V AR BLUE CROSS BLUE SHIELD

2019 AUG -7 A 11: 27

### 60CV-19-5187

### SUMMONS

### RECEIVED

**THE STATE OF ARKANSAS TO DEFENDANT:**

AUG 0 9 2019

ARKANSAS BLUE CROSS BLUE SHIELD
601 S GAINES STREET
LITTLE ROCK, AR  72203

## CR - LEGAL

A lawsuit has been filed against you. The relief demanded is stated in the attached complaint.  Within 30 days after service of this summons on you (not counting the day you received it) - or 60 days if you are incarcerated in any jail, penitentiary, or other correctional facility in Arkansas - you must file with the clerk of this court a written answer to the complaint or a motion under Rule 12 of the Arkansas Rules of Civil Procedure.

The answer or motion must also be served on the plaintiff or plaintiff's attorney, whose name and address are:

TASHONA JOYNER
3600 HOLT STREET
LITTLE ROCK, AR  72204

If you fail to respond within the applicable time period, judgment by default may be entered against you for the relief demanded in the complaint.

Additional notices:
•Notice of Right to Consent to Disposition of Case by a State District Court Judge

CLERK OF COURT

**Address of Clerks Office**

TERRI HOLLINGSWORTH, CIRCUIT CLERK
CIRCUIT COURT OF PULASKI COUNTY
401 W. MARKHAM
LITTLE ROCK, AR  72201



Crystal Hill, DC

Date: 07/31/2019



EXHIBIT

A

## NOTICE OF RIGHT TO CONSENT
## TO DISPOSITION OF CASE BY A STATE DISTRICT COURT JUDGE

In accordance with Administrative Order Number 18, you are hereby notified that upon the consent of all the parties in a case, a State District Court Judge may be authorized to conduct all proceedings, including trial of the case and entry of a final judgment. Copies of appropriate consent forms are available from the Circuit Clerk.

You should be aware that your decision to consent or not to consent to the disposition of your case before a State District Court Judge is entirely voluntary, and by consenting to the reference of this matter to a State District Court Judge, the parties waive their right to a jury trial, and any appeal in the case shall be taken directly to the Arkansas Supreme Court or Court of Appeals as authorized by law.

You should communicate your consent by completing the Form -- CONSENT TO PROCEED BEFORE A STATE DISTRICT COURT JUDGE -- and return to the Circuit Clerk.

**Circuit Clerk**
**Date: 07/31/2019**

No. 60CV-19-5187 This summons is for   ARKANSAS BLUE CROSS BLUE SHIELD (name of Defendant).

## PROOF OF SERVICE

❑ On _____ [date] I personally delivered the summons and complaint to the individual at _____ [place]; or

❑ After making my purpose to deliver the summons and complaint clear, on _____ [date] I left the summons and complaint in the close proximity of the defendant by _____ [describe how the summons and complaint was left] after he/she refused to receive it when I offered it to him/her; or

❑ On _____ [date] I left the summons and complaint with _____, a member of the defendant's family at least 18 years of age, at _____ [address], a place where the defendant resides; or

❑ On _____ [date] I delivered the summons and complaint to _____ [name of individual], an agent authorized by appointment or by law to receive service of summons on behalf of _____ [name of defendant]; or

❑ On _____ [date] at _____ [address], where the defendant maintains and office or other fixed location for the conduct of business, during normal working hours I left the summons and complaint with _____

[name and job description]; or

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I served the summons and complaint on the defendant by certified mail, return receipt requested, restricted delivery, as shown by the attached signed return receipt.

❑ I am the plaintiff or an attorney of record for the plaintiff in this lawsuit, and I mailed a copy of the summons and complaint by first-class mail to the defendant together with two copies of a notice and acknowledgment and received the attached notice and acknowledgment form within twenty days after the date of mailing.

❑ Other [specify]:

_____

❑ I was unable to execute service because:

_____
_____

My fee is $ _____.

**To be completed if service is by a sheriff or deputy sheriff:**

Date: _____         SHERIFF OF _____ COUNTY, ARKANSAS

By: _____
[Signature of server]

_____
[Printed name, title, and badge number]

**To be completed if service is by a person other than a sheriff or deputy sheriff:**

Date: _____         By: _____
[Signature of server]

_____
[Printed name]

Address: _____

_____

Phone: _____

Subscribed and sworn to before me this date: _____

_____
Notary Public

My commission expires: _____

Additional information regarding service or attempted service:

_____

_____

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-29 21:40:35
60CV-19-5187
C06D06 : 5 Pages

Tashona Joyner
3600 Holt Street
Little Rock, Arkansas 72204

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF ARKANSAS

_____ DIVISION

**TASHONA JOYNER,**                          Case No.: _____

**3600 HOLT STREET**

**LITTLE ROCK, ARKANSAS 72204**

     Plaintiff,

vs.

**ARKANSAS BLUE CROSS BLUE SHIELD,**

**601 S. GAINES STREET**

**LITTLE ROCK, ARKANSAS 72203**

     Defendant

## COMPLAINT

### (for discrimination in Violation of Title VII of the Civil Rights Act of 1964,

### the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990,

### and HIPAA Act of 1996)

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 for employment discrimination of a person with a disability. The Plaintiff's privacy of her health information was also violated under the HIPAA Act of 1996.

COMPLAINT - 1

RECEIVED

AUG 09 2019

CR - LEGAL

2.  Plaintiff, Tashona Joyner is and was at all times relevant to this case a citizen of the United States and resides at 3600 Holt Street, Little Rock, Pulaski County, Arkansas, 72204, 501-830-7487.

3.  Defendant, Arkansas Blue Cross Blue Shield is and was at all times relevant to this case a United States citizen and resides at 601 S. Gaines Street, Little Rock, Pulaski County, Arkansas, 72203, 501-378-2000.

4.  Jurisdiction and venue are proper in this court.

5.  Defendant discriminated against Plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about April 2, 2018.

6.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about May 5, 2018.

7.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by Plaintiff on April 25, 2019, a copy of which notice is attached to this complaint.

8.  Because of Plaintiff's disability, Defendant terminated Plaintiff's employment.

9.  The circumstances under which the Defendant discriminated against Plaintiff were as follows:

    • Plaintiff was not aware that she would be terminated for going to her doctor's appointments since she followed her trainer's

COMPLAINT - 2

instructions of notifying them of the appointments beforehand and bringing them documentation.

- After making request after request, it took over a week to receive the job accommodation forms. By the time they were received, the Plaintiff had already had all her doctor appointments. She was also granted access to the parking deck after turning in form to her trainers and Marc Gibson that was filled out by her doctor stating that she is permanently disabled.

- On April 17, 2018 Plaintiff was terminated by James Johnson. When Plaintiff asked why she was being terminated he stated that now just isn't a good time for you (Plaintiff). When taking Plaintiffs badge, she asked could he let her off the parking deck. Mr. Johnson asked why she was on the parking deck and Plaintiff said she was allowed access due to physical disability.

- On April 19, 2018 Plaintiff met with Mr. Odell (HR director) as part of an appeal process. Explained to him what happened, gave him copies of her doctor's notes. He stated he would get back with her by April 27, 2018 and never did.

- After the Plaintiff's termination, on May 3, 2018, James Johnson forwarded her email containing ADA job accommodation forms to someone else violating her HIPAA rights.

10. The acts set forth in paragraph 9 of this complaint may still be being committed by defendant.

COMPLAINT - 3

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the Plaintiff:

- Defendant be directed to re-employ Plaintiff.
- Plaintiff requests entry of judgement against the Defendant in the sum of $250,000, for costs herein expended, reasonable attorney fees, and for all other proper relief including punitive damages.

23, July,2019

_____
Plaintiff's Name
3600 Holt Street
Little Rock, AR 72204
(501) 830-7487

COMPLAINT - 4

**Certificate of Acknowledgement**

State of _AR_

County of _Pul_

On _7-23-19_, before me, _Latanya D Christop_
   (date)                                (notary)

personally appeared, _Tashona  N.  Joyner_,
                                        (signers)

personally known to me

-- OR --

proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s) or
the entity upon behalf of which the person(s) acted, executed the instrument

WITNESS my hand and official seal

(notary signature)

My Commission Expires: _____

**LATANYA D. CHRISTOPHER**
COMM. EXP.
10-1-2022
No. 12391139
PULASKI
COUNTY
NOTARY PUBLIC · ARKANSAS

(seal)

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-29 21:40:35
60CV-19-5187
C06D06 : 4 Pages

## UNIFORM COVER PAGE

[To be used when required by Administrative Order No. 2 (g)*]

COURT:  _Circuit_  COURT OF _Pulaski_  COUNTY

Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER:  _Tashina Joyner_

DEFENDANT/
RESPONDENT:  _Arkansas Blue Cross Blue Shield_

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):  _Exhibit_

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Little Rock Direct Dial: (501) 324-5061
FAX (501) 324-5991
Website: www.eeoc.gov

Tashona N. Joyner
24800 Chenal Pkwy Apt 213
Little Rock, AR 72223

Re:   Tashona N. Joyner vs. Arkansas Blue Cross Blue Shield
      EEOC Charge No.: 493-2018-01263

Dear Ms. Joyner:

The enclosed Notice terminates the processing of your charge and gives notice of your right to sue within 90 days. On July 19, 2018, a copy of Respondent's position statement was released to you and you provided a response on September 6, 2018. After receiving your response, all evidence collected during the investigation was thoroughly reviewed. The investigation revealed the following facts:

You alleged that you were denied a reasonable accommodation and discharged because of your disability, in violation of The Americans With Disabilities Act of 1990, as amended.

The evidence shows you were hired on April 2, 2018 for a Customer Service Representative I. You were subjected to a 90-day probationary period that had to be satisfactorily completed. On April 4, 2018 you clocked in five minutes after the start of your shift. On April 6, 2018, you were issued an occurrence for improper use of your personal cell phone. On April 10, 2018, you were absent and incurred an occurrence. On April 13, 2018, you reported to work more than two hours after the start of your shift and received another occurrence. Incurring four or more occurrence during your probationary period subjects a probationary employee to termination. Based on you receiving four occurrences during your probationary period, Sherrie Bradford made the decision to terminate your employment. Bradford was not aware that you have a disability. By you requesting a handicap parking space does not support that you have a disability.

The only factor considered when Bradford determined that termination was warranted was your failure to comply with the company's probationary period requirements.

On April 11, 2018, you emailed Marc Gibson, Human Resources Assistant inquiring about possibly getting closer parking due to a physical disability. On April 11, 2018, Gibson responded and advised that you could begin parking in a specific parking deck the following day. Gibson requested a copy of your state issued handicap tag and document indicating the handicap tag was issued to you. He stated he would accept a scanned copy of your driver's license if it indicated you required handicap access. Although you never provided the necessary paperwork, you were permitted to park in its handicapped parking spaces.

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Tashona N. Joyner<br>24800 Chenal Pkwy Apt 213<br>Little Rock, AR 72223 | From: | Little Rock Area Office<br>820 Louisiana<br>Suite 200<br>Little Rock, AR 72201 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2018-01263 | Johnny L. Glover,<br>Investigator | (501) 324-6475 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William A. Cash Jr. / JJ*                    APR 2 4 2019

Enclosures(s)                    **William A. Cash, Jr.,**                    (Date Mailed)
                               **Area Office Director**

cc:
| Odell Nickelberry<br>Human Resources Director<br>ARKANSAS BLUE CROSS BLUE SHIELD<br>601 South Gaines<br>Little Rock, AR 72201 | Russell W. Jackson<br>Attorney<br>Ford Harrison<br>1715 Aaron Brenner Drive Suite 200<br>Memphis, TN 38120 |
|---|---|

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

- ➤ **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- ➤ In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- ➤ **Only one** major life activity need be substantially limited.
- ➤ With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- ➤ An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
- ➤ An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
- ➤ An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- ➤ "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- ➤ The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- ➤ A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*   For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Sep-04  12:25:18
60CV-19-5187
C06D06 : 5 Pages

## IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
### 6TH DIVISION

**TASHONA JOYNER,**                                              **PLAINTIFF**

**v.**                                                  **CASE NO. 60CV-19-5187**

**ARKANSAS BLUE CROSS BLUE SHIELD,**                        **DEFENDANT**

---

### NOTICE OF FILING NOTICE OF REMOVAL

---

Please take notice that Defendant, USAble Mutual Insurance Company doing business as Arkansas Blue Cross and Blue Shield, hereinafter ("Defendant"), by and through counsel is hereby giving the Clerk of the Circuit Court of Pulaski County, Arkansas, a Notice of Filing Notice of Removal in Case No.:  60CV-19-5187.  Pursuant to 28 U.S.C. § 1446(d), Defendant files herewith a true copy of the Notice of Removal previously filed in the United States District Court for the Eastern District of Arkansas.  (Exhibit A: Defendant's Notice of Removal).

Respectfully submitted,

/s/ Frank L. Day, Jr.
Frank L. Day, Jr., ARK BPR# 2007085
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN  38120
Telephone:  (901) 291-1500
Facsimile:  (901) 291-1501
fday@fordharrison.com

**ATTORNEY FOR DEFENDANT**



EXHIBIT

**B**

ALL-STATE LEGAL®

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of September, 2019, I electronically filed the

foregoing with the Clerk of the Court by using the Court's electronic filing system, which sent a

copy to the following:

> Tashona Joyner
> 3600 Holt Street
> Little Rock, AR 72204

> /s/ Frank L. Day, Jr.
> Frank L. Day, Jr.

## IN THE UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF ARKANSAS
### WESTERN DIVISION

| | | |
|---|---|---|
| **TASHONA JOYNER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Case No. _____** |
| **v.** | ) | |
| | ) | |
| **ARKANSAS BLUE CROSS BLUE SHIELD,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## DEFENDANT'S NOTICE OF REMOVAL

Defendant, USAble Mutual Insurance Company doing business as Arkansas Blue Cross and Blue Shield, hereinafter ("Defendant"), pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, hereby removes this action from the Circuit Court of Pulaski County, Arkansas to the United States District Court for the Eastern District of Arkansas. In support of removal, Defendant states as follows:

### COMMENCEMENT OF ACTION IN STATE COURT

1. Plaintiff Tashona Joyner ("Joyner") filed her Complaint on July 23, 2019, in the Circuit Court for Pulaski County, Arkansas, Case No. 60CV-19-5187. Defendant was served with a copy of the Complaint and Summons on August 7, 2019. (Exhibit A: Summons and Complaint).

### JURISDICTION – GROUNDS FOR REMOVAL – FEDERAL QUESTION

2. Plaintiff's Complaint alleges (1) discrimination in violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990, and (2) violation of privacy under the HIPAA Act of 1996.

EXHIBIT
A
ALL-STATE LEGAL®

3.      Accordingly, pursuant to 28 U.S.C. 1331 (federal question), this Court has original jurisdiction with respect to all of Plaintiff's claims.

4.      This Notice of Removal is being filed in the United States District Court for the district within which the action is currently pending.  This Notice of Removal is being filed within thirty (30) days after service of process of the pleading in which the basis for removal was asserted, and is therefore timely filed under 28 U.S.C. § 1446(b).

## PROCESS AND PLEADINGS

7.      Defendant has been served with a Summons and Complaint.  (See Exhibit A). Pursuant to 28 U.S.C. § 1446(a) copies of all process, pleadings, and orders served upon Defendant are attached hereto.  The foregoing constitute the only process, pleading, or other papers served upon Defendant.

## NOTICE TO PLAINTIFF AND STATE COURT

8.      In accordance with 28 U.S.C. § 1446(d), Defendant will file with the clerk of the Circuit Court for Pulaski County, Arkansas for the 6th Division a Notice of Filing this Notice of Removal, and is contemporaneously giving Notice to the Plaintiff of this removal.  (Exhibit B: Notice of Filing Notice of Removal).

**WHEREFORE,** Defendant removes this action from the Circuit Court for Pulaski County, Arkansas for the 6th Division to the United States District Court for the Eastern District of Arkansas.

This 4th day of September, 2019.

2

Respectfully submitted,

/s/ Frank L. Day, Jr.
Frank L. Day, Jr., ARK BPR# 2007085
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, TN 38120
Telephone: (901) 291-1500
Facsimile: (901) 291-1501
fday@fordharrison.com

**ATTORNEY FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on this 4th day of September, 2019, I sent an original via FedEx to

the Clerk of the Court for filing and mailed a copy to Pro Se Plaintiff via U.S. Mail, postage, pre-

paid to the address listed below:

Tashona Joyner
3600 Holt Street
Little Rock, AR 72204

/s/ Frank L. Day, Jr.
Frank L. Day, Jr.

3