ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-29 21:40:35
60CV-19-5187
C06D06 : 5 Pages

Tashona Joyner
3600 Holt Street
Little Rock, Arkansas 72204

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF ARKANSAS

_____ DIVISION

**TASHONA JOYNER,**                            Case No.: _____

**3600 HOLT STREET**

**LITTLE ROCK, ARKANSAS 72204**

      Plaintiff,

vs.

**ARKANSAS BLUE CROSS BLUE SHIELD,**

**601 S. GAINES STREET**

**LITTLE ROCK, ARKANSAS 72203**

      Defendant

## COMPLAINT

### (for discrimination in Violation of Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, the Americans with Disabilities Act of 1990, and HIPAA Act of 1996)

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, the Rehabilitation Act of 1973, and the Americans with Disabilities Act of 1990 for employment discrimination of a person with a disability. The Plaintiff's privacy of her health information was also violated under the HIPAA Act of 1996.

COMPLAINT - 1

RECEIVED

AUG 09 2019

CR - LEGAL

2.  Plaintiff, Tashona Joyner is and was at all times relevant to this case a citizen of the United States and resides at 3600 Holt Street, Little Rock, Pulaski County, Arkansas, 72204, 501-830-7487.

3.  Defendant, Arkansas Blue Cross Blue Shield is and was at all times relevant to this case a United States citizen and resides at 601 S. Gaines Street, Little Rock, Pulaski County, Arkansas, 72203, 501-378-2000.

4.  Jurisdiction and venue are proper in this court.

5.  Defendant discriminated against Plaintiff in the manner indicated in paragraphs 9 and 10 of the complaint on or about April 2, 2018.

6.  Plaintiff filed charges against the defendant with the Equal Employment Opportunity Commission charging defendant with the acts of discrimination indicated in paragraphs 9 and 10 of this complaint on or about May 5, 2018.

7.  The Equal Employment Opportunity Commission issued a Notice of Right to Sue which was received by Plaintiff on April 25, 2019, a copy of which notice is attached to this complaint.

8.  Because of Plaintiff's disability, Defendant terminated Plaintiff's employment.

9.  The circumstances under which the Defendant discriminated against Plaintiff were as follows:

    • Plaintiff was not aware that she would be terminated for going to her doctor's appointments since she followed her trainer's

instructions of notifying them of the appointments beforehand and bringing them documentation.

- After making request after request, it took over a week to receive the job accommodation forms. By the time they were received, the Plaintiff had already had all her doctor appointments. She was also granted access to the parking deck after turning in form to her trainers and Marc Gibson that was filled out by her doctor stating that she is permanently disabled.

- On April 17, 2018 Plaintiff was terminated by James Johnson. When Plaintiff asked why she was being terminated he stated that now just isn't a good time for you (Plaintiff). When taking Plaintiffs badge, she asked could he let her off the parking deck. Mr. Johnson asked why she was on the parking deck and Plaintiff said she was allowed access due to physical disability.

- On April 19, 2018 Plaintiff met with Mr. Odell (HR director) as part of an appeal process. Explained to him what happened, gave him copies of her doctor's notes. He stated he would get back with her by April 27, 2018 and never did.

- After the Plaintiff's termination, on May 3, 2018, James Johnson forwarded her email containing ADA job accommodation forms to someone else violating her HIPAA rights.

10. The acts set forth in paragraph 9 of this complaint may still be being committed by defendant.

COMPLAINT - 3

11. Plaintiff attaches to this complaint a copy of the charges filed with the Equal Employment Opportunity Commission which charges are submitted as a brief statement of the facts supporting this complaint.

WHEREFORE, Plaintiff prays that the Court grant the following relief to the Plaintiff:

- Defendant be directed to re-employ Plaintiff.

- Plaintiff requests entry of judgement against the Defendant in the sum of $250,000, for costs herein expended, reasonable attorney fees, and for all other proper relief including punitive damages.

23, July, 2019

_____
Plaintiff's Name

3600 Holt Street
Little Rock, AR 72204
(501) 830-7487

COMPLAINT - 4

Certificate of Acknowledgement

State of _AR_

County of _Pul_

On _7-23-19_ , before me, _Latanya D Christop_
(date)                          (notary)

personally appeared, _Tashona N. Joyner_ ,
(signers)

personally known to me

-- OR --

proved to me on the basis of satisfactory evidence to be the person(s) whose
name(s) is/are subscribed to the within instrument and acknowledged to me
that he/she/they executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the person(s) or
the entity upon behalf of which the person(s) acted, executed the instrument


 WITNESS my hand and official seal


_Latanya D Christop_

(notary signature)

My Commission Expires: _____

(seal)

ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2019-Jul-29 21:40:35
60CV-19-5187
C06D06 : 4 Pages

## UNIFORM COVER PAGE
[To be used when required by Administrative Order No. 2 (g)*]

COURT:   _Circuit_   COURT OF _Pulaski_   COUNTY

Docket/Case Number: _____

CASE NAME:
PLAINTIFF/
PETITIONER:   _Tashma Joyner_

DEFENDANT/
RESPONDENT:   _Arkansas Blue Cross Blue Shield_

TITLE OF PLEADING OR
DOCUMENT BEING FILED
(If a multi-part file,
the designation "part _ of _"
(example, part 1 of 2)):   _Exhibit_

*Administrative Order No 2.

(g) *File Mark.* (1) There shall be a two inch (2") top margin on the first page of each document submitted for filing to accommodate the court's file mark. If the pleading or document must be filed in multi-parts because of size or for other reasons, the first page of each part must include the file name and file mark and shall clearly indicate the part number and number of parts (example, part 1 of 2).

(2) If a document is such that the first page cannot be drafted to provide sufficient space to satisfy the file-mark requirement, the document must include the uniform cover page developed by the Administrative Office of the Courts and found under Forms and Publications at www.arcourts.gov.

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Little Rock Area Office**

820 Louisiana St., Suite 200
Little Rock, AR 72201
Intake Information Group: (800) 669-4000
Intake Information Group TTY: (800) 669-6820
Little Rock Direct Dial: (501) 324-5061
FAX (501) 324-5991
Website: www.eeoc.gov

Tashona N. Joyner
24800 Chenal Pkwy Apt 213
Little Rock, AR 72223

Re:     Tashona N. Joyner vs. Arkansas Blue Cross Blue Shield
        EEOC Charge No.: 493-2018-01263

Dear Ms. Joyner:

The enclosed Notice terminates the processing of your charge and gives notice of your right to
sue within 90 days. On July 19, 2018, a copy of Respondent's position statement was released to
you and you provided a response on September 6, 2018. After receiving your response, all
evidence collected during the investigation was thoroughly reviewed.  The investigation revealed
the following facts:

You alleged that you were denied a reasonable accommodation and discharged because of your
disability, in violation of The Americans With Disabilities Act of 1990, as amended.

The evidence shows you were hired on April 2, 2018 for a Customer Service Representative I.
You were subjected to a 90-day probationary period that had to be satisfactorily completed.  On
April 4, 2018 you clocked in five minutes after the start of your shift. On April 6, 2018, you were
issued an occurrence for improper use of your personal cell phone. On April 10, 2018, you were
absent and incurred an occurrence.  On April 13, 2018, you reported to work more than two
hours after the start of your shift and received another occurrence.  Incurring four or more
occurrence during your probationary period subjects a probationary employee to termination.
Based on you receiving four occurrences during your probationary period, Sherrie Bradford
made the decision to terminate your employment.   Bradford was not aware that you have a
disability.   By you requesting a handicap parking space does not support that you have a
disability.

The only factor considered when Bradford determined that termination was warranted was your
failure to comply with the company's probationary period requirements.

On April 11, 2018, you emailed Marc Gibson, Human Resources Assistant inquiring about
possibly getting closer parking due to a physical disability.  On April 11, 2018, Gibson
responded and advised that you could begin parking in a specific parking deck the following day.
Gibson requested a copy of your state issued handicap tag and document indicating the handicap
tag was issued to you.  He stated he would accept a scanned copy of your driver's license if it
indicated you required handicap access.  Although you never provided the necessary paperwork,
you were permitted to park in its handicapped parking spaces.

EEOC Form 161 (11/16)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

To: Tashona N. Joyner
24800 Chenal Pkwy Apt 213
Little Rock, AR 72223

From: Little Rock Area Office
820 Louisiana
Suite 200
Little Rock, AR 72201

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 493-2018-01263 | Johnny L. Glover,<br>Investigator | (501) 324-6475 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*William A. Cash Jr. /99*                    APR 2 4 2019

Enclosures(s)                                    (Date Mailed)

**William A. Cash, Jr.,
Area Office Director**

cc:   **Odell Nickelberry
Human Resources Director
ARKANSAS BLUE CROSS BLUE SHIELD
601 South Gaines
Little Rock, AR 72201**

**Russell W. Jackson
Attorney
Ford Harrison
1715 Aaron Brenner Drive Suite 200
Memphis, TN 38120**

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**  The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**</u>

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> - **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> - In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> - **Only one** major life activity need be substantially limited.
> - With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> - An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
> - An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
> - An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> - "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> - The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> - A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.